IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS,** : | **CIVIL ACTION NO. 1:12-CV-0496** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **HILARY RODHAM CLINTON, et al.,** : | |
| **Defendants** : | |

## **ORDER**

AND NOW, this 23rd day of March, 2012, upon consideration of the civil rights complaint (Doc. 1) filed by plaintiff Frederick Banks ("plaintiff"), and it appearing that the action should have been brought before the United States District Court for the Eastern District of Arkansas, see 28 U.S.C. § 1404 (a) ("For convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (stating factors to consider when deciding whether to transfer case), because the complaint concerns events that occurred during plaintiff's incarceration at the Federal Correctional Center at Forest City, Arkansas, (Doc. 1, at ¶ 1), which is located within the United States District Court for the Eastern District of Arkansas, see Jumara, 55 F.3d at 879 (stating that where claim arose is a factor), that the Eastern District of Arkansas likely has a strong interest in deciding this controversy, see id. (stating that local interest in deciding case is a factor), that the

allegations in the body of the complaint involve defendants who work at FCC-Forest City, Arkansas, and presumably reside within the Eastern District of Arkansas, see Jumara, 55 F.3d at 879 (stating that location of defendants is a factor), that discovery, if any, may involve witnesses and documents located within that district, see id. (stating that location of witnesses and discoverable evidence is a factor), and the Court finding that practical and economic considerations of conducting discovery and trial in a location near the parties and witnesses weigh in favor of a transfer, see id. (stating that public and practical considerations are factors); see also Hillard v. Guidant Corp., 76 F. Supp. 2d 566, 570-71 (M.D. Pa. 1999) (stating that in considering transfer of case, convenience of non-party witnesses residing more than 100 miles from the court weighed heavily), and it would be in the interests of justice and judicial economy to transfer this case because none of the alleged events occurred within this district, it is hereby ORDERED that;

1. The Clerk of Court is directed to transfer the above-captioned case to the United States District Court for Eastern District of Arkansas. See 28 U.S.C. § 1404(a); Jumara, 55 F.3d at 879.

2. The disposition of plaintiff's motion to proceed in forma pauperis (Doc. 2) is left to the discretion of the transferee court.

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge